**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4340**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERMAINE JONES,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge.  (1:15-cr-00150-CCB-1)

Submitted:  July 30, 2018                                   Decided:  August 28, 2018

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sicilia C. Englert, LAW OFFICE OF SICILIA C. ENGLERT, LLC, Alexandria, Virginia, for Appellant.  Robert K. Hur, United States Attorney, Brandon Moore, Patricia McLane, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Jones appeals from the criminal judgment entered following his conditional plea to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012).  On appeal, Jones challenges the district court's denial of his motions to suppress the fruits of a search of a motel room and his statements made during a post-arrest interview.  Jones also challenges the district court's denial of his motion to disclose the identity of a confidential informant.  Finding no reversible error, we affirm.

I.

With respect to the district court's denial of his motions to suppress evidence, Jones argues that the warrant authorizing the search was lacking in probable cause. He also argues that the good faith exception to the exclusionary rule does not apply.

When a defendant challenges both probable cause and the applicability of the good faith exception, we may proceed directly to the good faith analysis without first deciding whether the warrant was supported by probable cause.  *United States v. Legg*, 18 F.3d 240, 243 (4th Cir. 1994).  The applicability of the good faith exception in this case is a legal conclusion, and we review the district court's ruling on this matter de novo.  *United States v. DeQuasie*, 373 F.3d 509, 520 (4th Cir. 2004).

The Fourth Amendment, which protects individuals from "unreasonable searches," provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV.  To deter police misconduct, evidence

2

seized in violation of the Fourth Amendment generally is inadmissible at trial. *United States v. Andrews*, 577 F.3d 231, 235 (4th Cir. 2009). However, under the good faith exception to the warrant requirement, "evidence obtained from an invalidated search warrant will be suppressed only if 'the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.'" *United States v. Lalor*, 996 F.2d 1578, 1583 (4th Cir. 1993) (quoting *United States v. Leon*, 468 U.S. 897, 926 (1984)).

Ordinarily "a warrant issued by a magistrate . . . suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *United States v. Perez*, 393 F.3d 457, 461 (4th Cir. 2004) (internal quotation marks omitted). There are, however, four circumstances in which the good faith exception will not apply:

> (1) when the affiant based his application on knowing or reckless falsity;
> (2) when the judicial officer wholly abandoned his role as a neutral and detached decision maker and served merely as a "rubber stamp" for the police; (3) when the affidavit supporting the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) when the warrant was so facially deficient that the executing officers could not reasonably have presumed that the warrant was valid.

*United States v. Wellman*, 663 F.3d 224, 228-29 (4th Cir. 2011). If any of these circumstances is present, evidence gathered pursuant to that warrant must be excluded. *See Andrews*, 577 F.3d at 236. Our analysis is "confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal" in light of "all of the circumstances." *Leon*, 468 U.S. at 922 n.23.

3

Jones contends that the supporting affidavit was so lacking in indicia of probable cause so as to render belief in its existence entirely unreasonable, that the warrant was so facially deficient that the executing officers could not reasonably have presumed it was valid, and that the issuing judge abandoned his judicial role. We reject these arguments.

Our review of the record demonstrates that the affidavit in this case bears many of the indicia of a strong search warrant application. The investigating police officer provided information in his affidavit regarding his experience in dealing with crimes involving the selling and purchasing of controlled dangerous substances, and his knowledge of habits and practices employed by individuals trafficking in such substances. Also in his affidavit, the officer recounts his receipt of a tip from a reliable informant linking Jones with drug possession and trafficking from the motel at issue. Further, the officer described his steps to corroborate that tip, including the completion of a controlled purchase while officers observed the transaction and Jones' movements back to the motel room. Considering the totality of this information, the affidavit was not so lacking in indicia of probable cause as to render reliance on the warrant entirely unreasonable. *See Wellman*, 663 F.3d at 229; *United States v. Doyle*, 650 F.3d 460, 471 (4th Cir. 2011); *United States v. Richardson*, 607 F.3d 357, 370 (4th Cir. 2010); *United States v. Williams*, 548 F.3d 311, 319 (4th Cir. 2008); *DeQuasie*, 373 F.3d at 518-19; *United States v. Bynum*, 293 F.3d 192, 197 (4th Cir. 2002); *United States v. Blackwood*, 913 F.2d 139, 142 (4th Cir. 1990). Further, given the strong indicia of probable cause in the warrant affidavit, we reject Jones' summary assertion that the warrant was fatally deficient. There is no basis to conclude here that "a reasonably well trained officer would

have known that the search [of the motel room] was illegal despite the [state judge's] authorization." *Leon*, 468 U.S. at 922 n.23.

Finally, we reject Jones' contention that the issuing judge acted as a "rubber stamp" for the police in issuing a warrant based on a "bare bones" affidavit. We conclude after review of the record that the affidavit contained sufficient details and was not based on wholly conclusory statements.

## II.

Turning to the district court's denial of Jones' motion to suppress his post-arrest statements, we review the court's factual findings for clear error and its legal conclusions de novo. *United States v. Stover*, 808 F.3d 991, 994 (4th Cir. 2015). Because the Government prevailed on Jones' suppression motion, we construe the evidence presented in the light most favorable to the Government. *Id.*

In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court "adopted prophylactic procedural rules that must be followed during custodial interrogations" to protect a suspect's rights against self-incrimination. *United States v. Parker*, 262 F.3d 415, 419 (4th Cir. 2001). In accordance with these rules must, a defendant's statements are admissible if he is properly advised of his rights under *Miranda*, and knowingly, intelligently, and voluntarily waived those rights. *United States v. Holmes*, 670 F.3d 586, 591 (4th Cir. 2012). The waiver of rights "must have been voluntary in the sense that it was the product of free and deliberate choice rather than intimidation, coercion, or deception," and "the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."

*United States v. Cristobal*, 293 F.3d 134, 139-40 (4th Cir. 2002) (internal quotation marks omitted). We assess whether a *Miranda* waiver was voluntary, knowing, and intelligent by examining the totality of the circumstances. *Id.*

Jones claims on appeal that the Government failed to show he understood and waived each of his rights under *Miranda*, and that his waiver was coerced. Reviewing the totality of the circumstances, we disagree.

The district court credited the investigating officer's testimony that he advised Jones of his *Miranda* rights orally by reading them from a form. The record demonstrates that Jones, whom the officer understood to have been given *Miranda* warnings in the past, understood his rights and the officer's questions. Further, because *Miranda* imposes no "formalistic" waiver procedure, we conclude that vacatur of the district court's suppression ruling is not warranted in light of the lack of a written waiver of rights or a recording of the *Miranda* warnings administered.

We also conclude that Jones' waiver was not coerced even though there were three officers in the motel room when the officer advised Jones of his *Miranda* rights. No officer had a weapon unholstered and Jones does not assert that he was threatened or assaulted. Jones' interaction with the investigating officer was calm, and no officer deprived him of any requests. Further, even though the officer provided Jones with *Miranda* warnings twice during the encounter, the district court credited the officer's testimony that he wanted to ensure the Jones properly heard and understood his rights. In sum, the totality of the evidence supports the conclusion that Jones' waiver was voluntary.

III.

Finally, Jones challenges the district court's denial of his motion for disclosure of the identity of the confidential informant. We review this ruling for abuse of discretion. *United States v. Gray*, 47 F.3d 1359, 1363–64 (4th Cir. 1995).

"[T]he Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law," *Roviaro v. United States*, 353 U.S. 53, 59 (1957), is not warranted when the informant['s identity] . . . 'is relevant and helpful to the defense of an accused, or is essential to a fair determination of a [case].'" *Id.* (quoting *Roviaro*, 353 U.S. at 60-61). To determine whether disclosure is warranted, a court must consider the "particular circumstances" of the case, including the crime charged, the possible defenses, the possible significance of the informant's testimony, and any other relevant factors. *Roviaro*, 353 U.S. at 62. "[D]isclosure of the informant's identity is required where the informant is an actual participant, particularly where he helps set up the criminal occurrence." *McLawhorn v. North Carolina*, 484 F.2d 1, 5 (4th Cir. 1973). By contrast, disclosure ordinarily is not required "where the informant is neither a participant in the offense, nor helps set up its commission, but is a mere tipster who only supplies a lead to law investigating and enforcement officers." *Id.*

We conclude after review of the record that disclosure of the confidential informant's identity was not required in this case. The informant provided information and assistance to the investigating officer that were used in securing the search warrant.

After providing this information and assistance, however, the informant played no further role in Jones' case. Under these circumstances, the informant's role was more akin to that of a tipster rather than a participant in criminal activity, and disclosure of the informant's identity was not required. *See United States v. Mabry*, 953 F.2d 127, 131–32 (4th Cir. 1991); *Smith*, 780 F.2d at 1108. We reject as speculative Jones' argument that the informant's identity was critical to his defense because he could have questioned the informant regarding knowledge of the presence and involvement of a third party; nothing in the record suggests the informant had any such knowledge.

IV.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*